**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BMO BANK, N.A.,<br><br>             Plaintiff,<br><br>      v.<br><br>K&M TRANSPORT, LLC, et al.,<br><br>             Defendants. | Case No. 1:25-cv-01368 KES SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Docs. 14, 22)<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |

BMO Bank, N.A. ("BMO") seeks to hold K&M Transport LLC and Melvyn Martinez (collectively, "Defendants") liable for breach of contract related to several "Loan and Security" Agreements.  BMO also raised three claims for injunctive relief, specific performance and "claim and delivery" in the complaint related to the vehicles that operated as collateral under the identified agreements.  *See generally* Doc. 1.  After Defendants failed to answer, the Court entered default.  Docs. 10-12.  BMO now seeks default judgment against Defendants.  Doc. 14.

The magistrate judge determined that BMO complied with the service requirements of Rule 4 of the Federal Rules of Civil Procedure.  Doc. 22 at 3-4.  Examining the sufficiency of the complaint, the magistrate judge found BMO alleged sufficient facts to support the claims for breach of contract.  *Id.* at 6.  The magistrate judge noted BMO reported it had recovered each of the vehicles in issue; the magistrate judge therefore found the claims for injunctive relief, specific

1

performance, and "claim and delivery" were now moot (claims 3 – 5 of the complaint). *Id.* at 6-7 (citing Doc. 14 at 7). As to the breach of contract claims (claims 1 and 2 of the complaint), the magistrate judge determined that the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weighed in favor of default judgment and recommended granting the motion and awarding the requested monetary relief. *Id.* at 4-12.

The magistrate judge noted BMO also requested attorney's fees, litigation expenses, and costs under the agreements. Doc. 22 at 12-16. The magistrate judge found BMO submitted records establishing "the number of hours spent on this matter with corresponding descriptions of the work performed during those hours," and found the fees requested were reasonable. *Id.* at 14. The magistrate judge also found an award of expenses and costs related to the filing fee and service of process was appropriate. *Id.* at 15. The magistrate judge recommended an award of fees in the amount of $2,535.00 and costs in the amount of $596.74. *Id.* at 16.

The court served the findings and recommendations on BMO, which served the document on Defendants and filed proof of service. Doc. 23. The court notified the parties that any objections were due within 21 days of the date of service. Doc. 22 at 16. The court also advised the parties that the failure to file objections within the identified time may result in the waiver of rights on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). No objections were filed, and the deadline for doing so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this court performed a de novo review of this matter. Having carefully reviewed the file, the court concludes that the findings and recommendations are supported by the record and proper analysis. The court **ORDERS**:

1. The findings and recommendations issued on February 4, 2026 (Doc. 22) are **ADOPTED** in full.

2. Plaintiff's motion for default judgment (Doc. 14) is **GRANTED IN PART**, as to claims one and two in the First Amended Complaint for breach of contract, and is **DENIED** as to the remaining causes of action.

3. Judgment **SHALL** be entered in favor of plaintiff BMO Bank, N.A. and against defendants K&M Transport, LLC and Melvyn Martinez, in the amount of

2

$167,722.01, plus interest at the rate of $78.57 per day after September 26, 2025.

4.  Plaintiff is **AWARDED** attorney's fees in the amount of $2,535.00 and costs in the amount of $596.74.

5.  Plaintiff **SHALL** mail a copy of this order to Defendants at their last known address.

6.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 19, 2026

_____
UNITED STATES DISTRICT JUDGE

3